UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SORLIEN,

       Petitioner,

                              CASE NO. 07-CV-13746
v.                                HONORABLE VICTORIA A. ROBERTS

PERCY CONERLY,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS**

I.     Introduction

     This is a habeas case under 28 U.S.C. § 2254. Martin Sorlien ("Petitioner") is a state prisoner currently confined at the Pine River Correctional Facility in St. Louis, Michigan. Petitioner was convicted of first-degree home invasion and arson of a dwelling house following a jury trial in the Macomb County Circuit Court in 2004 and was sentenced to concurrent terms of 4 years two months to 20 years imprisonment in 2005. In his pleadings, Petitioner raises four habeas claims challenging the sufficiency of the evidence, the great weight of the evidence, the jury composition, and the timeliness of the preliminary examination. For the reasons set forth, the Court dismisses without prejudice the petition for writ of habeas corpus.

II.    Analysis

     A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

1

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he has not exhausted two of his four habeas claims, dealing with the composition of the jury and the timeliness of his preliminary examination, in the state courts. Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to

exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, Petitioner has available avenues for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those claims in the state appellate courts. Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about August 30, 2007, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). Petitioner has not shown good cause for failing to raise the unexhausted claims in the state courts before proceeding in this Court. His unexhausted claims, particularly the jury composition claim, concern matters of federal law which may

warrant further review. The claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon each of Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of his order. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

                                          s/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: September 11, 2007

> The undersigned certifies that a copy of this document was served on Martin Sorlein by U.S. Mail on September 11, 2007.
>
> s/Linda Vertriest
> Deputy Clerk