UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SORLIEN,

        Petitioner,

                                 CASE NO. 07-CV-13746
v.                                    HONORABLE VICTORIA A. ROBERTS

PERCY CONERLY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO STAY PENDING REVIEW**

I.     Introduction

     This is a habeas case under 28 U.S.C. § 2254. Martin Sorlien ("Petitioner"), a Michigan prisoner, was convicted of first-degree home invasion and arson of a dwelling house following a jury trial in the Macomb County Circuit Court in 2004 and was sentenced to concurrent terms of 4 years 2 months to 20 years imprisonment in 2005. In his current petition, Petitioner raises claims concerning the sufficiency of the evidence and the great weight of the evidence. This matter is before the Court on Petitioner's motion to stay this case so that he may exhaust additional claims in the state courts. For the reasons stated, the Court denies Petitioner's motion.

II.    Discussion

     Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence and the great weight of the evidence. The Michigan Court of Appeals affirmed his convictions. *See*

1

*People v. Sorlien*, No. 264593, 2006 WL 3687366 (Mich. Ct. App. Dec. 14, 2006). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Sorlien*, 478 Mich. 870, 731 N.W.2d 716 (May 30, 2007). Petitioner's motion for reconsideration was also denied. *See People v. Sorlien*, 480 Mich. 863, 737 N.W.2d 715 (Sept. 10, 2007).

Petitioner dated his original federal habeas corpus petition on August 22, 2007. In that petition, he raised four habeas claims challenging the sufficiency of the evidence, the great weight of the evidence, the jury composition, and the timeliness of the preliminary examination. On September 11, 2007, the Court dismissed Petitioner's original habeas petition without prejudice because the petition was a mixed petition containing both exhausted and unexhausted claims. In that order, the Court stated that Petitioner could move to re-open his case and file an amended petition containing only the exhausted claims within 30 days of the dismissal order. Petitioner thereafter moved re-open his case and filed an amended petition containing only the two exhausted claims concerning the sufficiency of the evidence and the great weight of the evidence. The Court granted Petitioner's motion, re-opened the case, and ordered Respondent to file an answer to the amended petition by April 2, 2008. Petitioner has now filed a motion to stay this case so that he can exhaust state court remedies as to the jury composition and preliminary examination claims contained in his original petition, as well as additional, unidentified Fourth and Fourteenth Amendment claims.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

As noted, Petitioner seeks to hold his habeas petition in abeyance so that he may exhaust his state court remedies as to additional claims. A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, Petitioner has not shown the need for a stay. His current claims are exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). As noted in the Court's September 11, 2007 order, the statute of limitations does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to until 90 days after the conclusion of Petitioner's direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th

by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

As noted, Petitioner seeks to hold his habeas petition in abeyance so that he may exhaust his state court remedies as to additional claims. A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, Petitioner has not shown the need for a stay. His current claims are exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). As noted in the Court's September 11, 2007 order, the statute of limitations does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to until 90 days after the conclusion of Petitioner's direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th

Cir. 2000), and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). The Michigan Supreme Court denied leave to appeal on May 30, 2007 and denied reconsideration on September 10, 2007. Petitioner dated his federal habeas petition on August 22, 2007. Accordingly, no days of the one-year period have expired. While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that the full one-year limitations period remains, Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Additionally, Petitioner has not shown good cause for failing to previously raise his additional claims in the state courts. The Court notes that lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). While Petitioner's jury composition claim concerns a matter of federal law which may warrant further review, the same cannot be said of his preliminary examination issue, or the additional, unidentified claims referenced in his motion. Given such circumstances, a stay is unwarranted.

III.  Conclusion

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's motion to stay this matter. Should Petitioner wish to have the Court dismiss the present habeas petition (as amended), which contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the present petition. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 14, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 14, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk